Green, J.
delivered the opinion of the court.
This is an action on the case, brought by McKnight upon an award made in pursuance of a submission by *230 said McKnight, on the one part, and Gooch and Anthony, on the other part. Anthony is not sued in this action.
On the trial, the plaintiff proved, and read to the jury the following submission, and the award made in pursuance thereof:
"This indenture of arbitration, entered into between Gooch and Anthony, of Murfreesboro’, and Albert M. McKnight, of Milton, of the other part, this the 20th July, 1847, witnesseth: that, whereas, the said Gooch and Anthony, in the month of October last, sold to the said McKnight their stock of goods, in the town of Milton, for which he executed his two notes under seal, for one thousand four hundred and seventy-one dollars and ninety-one cents, each, payable at six and nine months respectively, after the date thereof: and, whereas, the first of said notes has become due, and the said Me-Knight has refused to to pay the same; now, therefore, the said Gooch and Anthony, and the said A. M. McKnight, in order to avoid troublesome law suits, and that the matters in dispute between them, touching the sale of said goods, and the payment of said two notes may be definitely settled, have agreed and hereby bind themselves to submit all the matters and things touching the said sale of goods to the arbitration of five disinterested business men; two of whom are to be chosen by each party, and the four thus chosen to select the fifth. And such award as the arbitrators make herein, we agree shall be final and conclusive; binding ourselves, the said Gooch and Anthony in the sum of three thousand dollars, and the said Albert M. McKnight in the sum of three thousand dollars, to abide by and perform the same. And the said Gooch and Anthony nominate *231 as arbitrators, Ezra Keyson and J. M. Knight: and the said Albert M. McKnight nominates M. W. Armstrong and H. W. Fagan: witness our hand and seals, the day and 3'ear above written.
“P. W, Davis, ) Goooii & Anthony,
“George Nash, ) A. M. McKnight.”
The plaintiff then read the following award: “We, the undersigned arbitrators, appointed to settle the matters m dispute between Gooch and Anthony, of Murfrees-boro’, on the one part, and A. M. McKnight, of Milton, (both of Rutherford county,) of the other part, touching the matters in dispute between them, relative to the purchase of a certain stock of goods, as stated in their indenture of arbitration, made the 20th of July, 184?, do agree, and hereby make our award as follows, to wit: Inasmuch as it appeared to us that the said Alfred M. McKnight has sustained a loss of two hundred and six dollars and seventy-two cents in the purchase of said goods, and inasmuch as it appears to us that a part of said goods were old and unsaleable, it is hereby our award, that the said Gooch and Anthony give the said A. M. McKnight a credit on his note to them of one-half of said amount so lost, being one hundred and three dollars and thirty-six cents.
“In witness whereof, we have hereunto set our hands} this 24th day of July, 1847.
“H. W. Fagan,
“J. M. Knight,
“M. W. ARMSTRONG,
“Ezra Keyser,
“W. B. Byrne.”
The plaintiff then proved, that the four arbitrators named in the submission, chose W. B. Byrne, the fifth *232 abitrator. He also proved that suits had been brought, and the whole amount was recovered and collected from McKnight; Gooch refusing to allow any credit on the execution for the one hundred and three dollars and thirty-six cents. The court charged the jury, that the award offered in evidence, was a valid and binding award, and entitled McKnight to a recovery for the sum sued for in this action. The jury found for the plaintiff, and Gooch appealed to this court.
It is impossible, we think, to sustain the judgment of the circuit court in this case. There is no mutuality in this award. Gooch and Anthony had sold goods to McKnight, and had taken two bills single for one thousand four hundred and seventy-one dollars and ninety-one cents each. In order to avoid law suits, and that the matters touching the payment of these bills single, and the sale of the goods, might be definitely settled, they submitted all the matters and things touching said sale, to these arbitrators; and each party is bound in a penalty of three thousand dollars to abide by the award. Evidently, this submission was intended to do away with all other causes of action touching these goods, and to place the rights of the parties, in future, upon the award only. But, what is the character of the award? It is made for the benefit of one party only. The arbitrators say, Gooch and Anthony shall credit McKnight with one hundred and three dollars and thirty-six cents; and this is the entire award. Nothing is decided as to the payment for the goods. Gooch and Anthony are left where they were before, and McKnight may still refuse to pay the bills single; may still contest their validity; and if sued on them, may make any defence he chooses, and if his proof would justify it, may get a *233 credit for three, times one hundred and three dollars and thirty-six cents. For, the arbitrators do not award that he shall pay the balance of the ' bills single after the one hundred and three dollars and thirty-six cents are deducted; nor do they award that he shall make no de-fence against the balance so due on them.
It is clear that Gooch and Anthony could have maintained no action on the award. They are necessarily driven to their actions on the bills single. The submission was intended, “to avoid law suits, and that all matters touching the payment of the bills single, and the sale of the goods, should be definitely settled.” But no such result is produced by the award. The two bills single remain without any award touching the payment of them; and the law suits, which the submission was intended to avoid, are not in the least degree, cut off, or prevented by the award.
Suppose Gooch and Anthony had deemed their debt insecure, and the parties had given sureties, in the - article of submission, to abide by and perform the award, could Gooch and Anthony have obtained any benefit from such security? Clearly not; for they have no right of action given by the award, for the money due them. The award is therefore partial, giving to one party a benefit, and awarding nothing for the other: and embracing only a part of the matters submitted, leaving the question of the payment ■ of' the bills single,, undecided.
The judgment will be reversed.